IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

**FRANK RAY FELDBUSCH,**

        **Plaintiff,**

vs.                                                              No. CIV 10-01081 MV/WDS

**MICHAEL J. ASTRUE, Commissioner**
**of the Social Security Administration,**

        **Defendant.**

### MAGISTRATE JUDGE'S PROPOSED
### FINDINGS AND RECOMMENDED DISPOSITION[1]

**THIS MATTER** came before the Court upon Plaintiff's Motion to Reverse and Remand for a Rehearing. Plaintiff seeks judicial review of a final decision of the Commissioner of Social Security, who determined that Plaintiff was not eligible for benefits. The Court, having considered Plaintiff's Motion and Memorandum Brief [docket #14], Defendant's Response [docket #16], Plaintiff's Reply [docket #17], the administrative record and applicable law, recommends that Plaintiff's Motion be **GRANTED,** and that this matter be remanded to the Commissioner of Social Security for further proceedings consistent with these findings.

### I. Background

Plaintiff, who was born on October 30, 1956, worked as a carpenter before the onset of his alleged disability. Tr. 98-129. Plaintiff applied for benefits on May 31, 2007. Tr. 98-113. He

---

[1] Within fourteen (14) days after a party is served with a copy of these findings and recommendations, that party may, pursuant to 28 U.S.C. §636(b)(1), file written objections to such findings and recommendations. A party must file any objections with the Clerk of the U.S. District Court within the ten-day period allowed if that party wants to have appellate review of the findings and recommendations. If no objections are filed, no appellate review will be allowed.

alleged that he became disabled on June 30, 2004. Tr. 98. The alleged onset date was later amended to January 1, 2002. Tr. 39  Plaintiff alleged that he was disabled as a result of chronic back pain that radiated into his hip and left leg. Tr. 44-47. Plaintiff's application was denied at the initial level, Tr. 60, and at the reconsideration level. Tr. 61. Plaintiff appealed by filing a request for a hearing by an administrative law judge ("ALJ").

A hearing was held on December 5, 2008, before ALJ Mark Dawson, who heard testimony from Plaintiff. Tr. 35-59. The ALJ found that Plaintiff could perform jobs that exist in significant numbers in the national economy, and he entered a decision finding him not disabled. Tr. 6-16. The Appeals Council denied Plaintiff's request for review, thus rendering the ALJ's decision the final decision of the Commissioner, from which Plaintiff now appeals. Tr. 6.

Plaintiff filed this action for judicial review of the Commissioner's final decision pursuant to 42 U.S.C. § 405(g) and 42 U.S.C. § 1383(c)(3). This case was referred to the undersigned United States Magistrate Judge pursuant to the provisions of 28 U.S.C. Section 636(b)(1)(B).

## II.  Standard of Review

This Court may only review the Commissioner's decision to determine whether it is supported by substantial evidence and whether correct legal standards were applied. *Andrade v. Secretary of Health & Human Servs.,* 985 F.2d 1045, 1047 (10th Cir. 1993). In determining whether the Commissioner's findings are supported by substantial evidence, the Court should not re-weigh the evidence, nor should it substitute its judgment for that of the Commissioner. *Glass v. Shalala,* 43 F.3d 1392, 1395 (10th Cir. 1994). Instead, the Court should meticulously examine the record to determine whether the Commissioner's decision is supported by "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Williams v. Bowen,* 844 F.2d 748, 750 (10th Cir. 1993). The "substantial evidence" standard is satisfied by more than a scintilla,

but less than a preponderance, of evidence. *Id.* However, evidence is not substantial if it is overwhelmed by other evidence or if it constitutes a mere conclusion. *Ray v. Bowen,* 865 F.2d 222, 224 (10th Cir. 1989).

A sequential five-step analysis applies in determining whether an adult claimant is disabled and entitled to benefits under the Social Security Act. *See Williams,* 844 F.2d at 750-52; 20 C.F.R. §§ 404.1520, 416.920. First, the question is whether the claimant is engaged in substantial gainful activity. *Williams,* 844 F.2d at 750. If so, the claimant is not disabled; if not, the analysis proceeds to step two. *Id.* At the second step, the question is whether the claimant has an impairment or combination of impairments that is severe. *Id.* If not, the claimant is not disabled; however, if the claimant makes the required showing of severity, the analysis proceeds to step three. *Id.* at 750-51. At step three, the question is whether the claimant has an impairment or combination of impairments that meets or equals an impairment listed at Appendix 1, Subpart P, of 20 C.F.R. Part 404 ("Listings" or "Listed Impairment"). *Id.* at 751. If so, the impairment is considered to be presumptively disabling. *Id.* If not, the analysis proceeds to step four, where the question is whether the impairment prevents the claimant from doing past work. *Id.*

The claimant is not disabled if he or she can perform past work. *Id.* If the claimant cannot perform past work, the analysis proceeds to step five, where the burden shifts to the Commissioner to establish that the claimant has the residual functional capacity ("RFC") "to perform other work in the national economy in view of his age, education and work experience." *Id.* (quoting *Bowen v. Yuckert,* 482 U.S. 137, 142 (1987)). The claimant is entitled to benefits unless the Commissioner establishes that the claimant can "perform an alternative work activity and that this specific type of job exists in the national economy." *Id.* (quoting *Channel v. Heckler,* 747 F.2d 577, 579 (10th Cir. 1984)).

### III.  Summary of the ALJ's Decision

At step one of the sequential five-step analysis, the ALJ found that since his alleged onset date Plaintiff had earned money working off the books as a carpenter or contractor but the level of activity had not been such that would constitute substantial gainful activity.  Tr. 12.  The ALJ found at step two that Plaintiff had the severe impairments of sequelae from 1986 motorcycle accident, lumbar spondylolisthesis with L4-L5 radiculopathy (left), facet disease L5-S1, and narcotic medication addiction.  Tr. 12.  The ALJ found at step two that Plaintiff had the non-severe impairment of hepatitis C, in sustained remission, and the not medically-determinable impairments of history of intravenous drug abuse and alcohol abuse.  Tr. 13.  The ALJ found at step three that Plaintiff's impairments were not severe enough to meet or medically equal any of the Listings.  Tr. 13.  At step four, the ALJ concluded that Plaintiff retained the residual functional capacity (RFC) to perform light work with less than moderate limitations in his ability to maintain concentration, persistence, and pace. Tr. 13.  Given the RFC assessment, the ALJ found that Plaintiff could not perform her past relevant work.  Tr. 15.  At step five, the ALJ used the Medical-Vocational Rules as a framework to determine that there are jobs that Plaintiff could perform which exist in significant numbers in the national economy.  Tr. 15.

Plaintiff alleges the following errors: (1)  The ALJ's RFC finding was contrary to the law and the evidence; and  (2)   The ALJ improperly applied the grids as a "framework" instead of calling on a vocational expert.  (VE)

### IV.  Discussion

**1.  Was the ALJ's RFC Finding Contrary to the Evidence and Law?**

Plaintiff makes several arguments that the ALJ's RFC determination was not supported by substantial evidence and was contrary to the law.  First, the Plaintiff alleges that the ALJ did not

4

make a function-by-function assessment in determining Plaintiff's RFC, including the functions in paragraphs (b), (c) and (d) of §§20 C.F.R. 404.1545 and 416.945. This argument is not well taken. A non-examining program physician reviewed Plaintiff's medical records and prepared a report that included the function-by-function assessment noted above. The ALJ reviewed the report, and adopted the findings after determining that the physician's opinion was consistent with the record as a whole. Tr. 15. The physician's function-by-function findings were incorporated into the RFC for light work, minus the restrictions that would not be applicable to light work, such as no climbing of ladders, ropes or scaffolds, or working in extreme cold, at unprotected heights, or around hazardous moving machinery.

Next, the Plaintiff challenges the ALJ's assessment of his credibility. "Credibility determinations are peculiarly the province of the finder of fact, and we will not upset such determinations when supported by substantial evidence." *Kepler v. Chater*, 68 F.3d 387, 391 (10th Cir. 1995) (quotation omitted). The ALJ must cite specific evidence relevant to the factors used in evaluating a claimant's subjective complaints, and explain why if he concludes those complaints are not credible. *See id.*; *see also* Soc. Sec. Rul. 96-7p, 1996 WL 374186, at *4 (1996) (stating that credibility determinations cannot be based on "intangible or intuitive" reasons, but "must be grounded in the evidence and articulated in the determination or decision"). This process, however, "does not require a formalistic factor-by-factor recitation of the evidence." *Qualls v. Apfel*, 206 F.3d 1368, 1372 (10th Cir. 2000)

The Court first notes that the ALJ clearly accepted the fact that Plaintiff had back pain that could reasonably be expected to cause the alleged symptoms. Tr. 14. The question was the credibility of the Plaintiff's statements concerning the intensity, persistence and limiting effects of the pain alleged, which is the second step of the two-step analysis. The ALJ made specific citations

to the record to support his credibility findings. He compared Plaintiff's testimony and paperwork (submissions to the Commissioner) with contemporaneous medical records. Plaintiff, for example, testified that he could not sit for any period of time, but there was evidence that he had gone to Maui and the Bahamas on vacation to fish. Plaintiff correctly points out that the mere performance of the type of activity one does on vacation does not equate to the ability to perform substantial gainful employment. See, *Hamlin v. Barnhart*, 365 F.3d 1208, 1221 (10th Cir. 2004). However, the ALJ's emphasis was as much on the *travel* to the vacations as on the activity itself. The Court notes that travel to either Maui or the Bahamas from New Mexico would entail hours of sitting in an airplane seat, directly contradicting Plaintiff's testimony that he could not sit without pain, even for a short period of time.

Additionally, the ALJ cited: Plaintiff's reluctance to start treatment for his Hepatitis C because of his demanding job in construction, Tr. 229; Plaintiff's statement to a treating physician that he was a contractor and did heavy lifting frequently, Tr. 223; and other similar statements that were in contrast with his testimony in this matter. Plaintiff seeks to dismiss these statements because they were made after the last date that Plaintiff was insured. The Court sees this as a distinction without a difference. There is substantial evidence to support the ALJ's credibility determination.

Finally, the Plaintiff alleges that the ALJ breached his duty to develop the record. Because a social security disability hearing is a nonadversarial proceeding, the ALJ is "responsible in every case 'to ensure that an adequate record is developed during the disability hearing consistent with the issues raised.'" *Hawkins*, 113 F.3d at 1164 (quoting *Henrie v. United States Dep't of Health & Human Servs.*, 13 F.3d 359, 360-61 (10th Cir. 1993)); 20 C.F.R. § 404.944 (requiring the ALJ to "look[] fully into the issues"). Generally, this means that the "ALJ has the duty to . . . obtain[]

6

pertinent, available medical records which come to his attention during the course of the hearing." *Carter v. Chater*, 73 F.3d 1019, 1022 (10th Cir. 1996). Where the medical evidence in the record is inconclusive the ALJ can order a consultative examination to insure proper resolution of a disability claim. *Hawkins*, 113 F.3d at 1166.

In this case, the Plaintiff does not identify any missing medical records. He does suggest that the ALJ should have ordered a consultative examination, and should have called upon a medical advisor to render an opinion regarding the functional limitations of Dr. Radecki's findings. The problem with Plaintiff's argument is that, as noted above, this was done. In the Court's opinion the ALJ did not breach his duty to develop the record, and the consultative examination was appropriate. The Court sees no requirement for the ALJ to have directly contacted Dr. Radecki.

**2. Did the ALJ Improperly Apply the Grids as a Framework?**

Plaintiff next argues that the ALJ improperly applied the Grids as a framework for finding Plaintiff not disabled. Plaintiff's first argument in this regard actually challenges the ALJ's RFC finding. The Court will address the argument here, rather in the previous section, in an attempt to maintain some level of continuity with Plaintiff's brief. Dr. Green, the agency physician who reviewed Plaintiff's medical records, found that he could occasionally lift 20 pounds; frequently lift 10 pounds; could stand or walk for at least two hours of an eight-hour workday; could sit for about six hours of an eight-hour workday; was unlimited in pushing or pulling with his extremities; could never climb ladders, ropes or scaffolds; could occasionally balance, stoop, kneel, crouch, or crawl; had no manipulative, visual or communicative limitations; and should avoid concentrated exposure to extreme cold, unprotected heights, and hazardous moving machinery. The ALJ found this opinion consistent with the record as a whole. The Court agrees, and notes that the postural limitations–occasional stair climbing balancing, stooping, kneeling, crouching, and crawling–would

seem particularly appropriate for someone such as Plaintiff, who indisputably has an impairment of the lower back.

The ALJ, however, did not include the noted postural limitations in his RFC. The Commissioner argues that this is because the ALJ rejected those particular limitations. However, the ALJ did not say he was rejecting them, and to the contrary, stated that opinion of the DDS physician was consistent with the record as a whole. An ALJ's decision must be evaluated solely on the reasons stated in the [ALJ's] decision. *See Robinson v. Barnhart*, 366 F.3d 1078, 1084-85 (10th Cir. 2004). An ALJ's failure to "provide this court with a sufficient basis to determine that appropriate legal principles have been followed is grounds for reversal." *Jensen v. Barnhart*, 436 F.3d 1163, 1165 (10th Cir. 2005)(quotation omitted). In this case it is impossible for the Court to determine whether the ALJ silently rejected the doctor's postural findings, or inadvertently omitted them from the RFC. Either would be error. Accordingly, this matter must be remanded for clarification of whether the postural limitations of occasional stair climbing, balancing, stooping, kneeling, crouching, and crawling are included in the RFC or not.

The Court noted above that the prohibition against the climbing of ropes, ladders or scaffolding, which also was not mentioned by the ALJ, would likely have little effect on the number of light jobs available. However, since this matter is being remanded that issue should be addressed, as well.

Because the Court has found error in the determination of RFC, it will not reach the issue of whether application of the grids was proper, or whether it would have been necessary to obtain testimony from a VE. Once the commissioner has clarified the Plaintiff's RFC he should determine anew whether expert testimony is required, or whether the grids are to be applied.

## V.  Conclusion

The Court recommends that Plaintiff's Motion to Reverse and Remand for a Rehearing [docket #14 ] be **GRANTED,** and that this matter be remanded to the Commissioner of Social Security for further proceedings consistent with these findings.

_____
**W. DANIEL SCHNEIDER**
**UNITED STATES MAGISTRATE JUDGE**