IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

**FRANK RAY FELDBUSCH,**

       **Plaintiff,**

**vs.**                                                             **No. CIV 10-01081 MV/WDS**

**SOCIAL SECURITY ADMINISTRATION,**

       **Defendant.**

# ORDER GRANTING § 406(b) ATTORNEY FEES

This matter is before the Court on Plaintiff's Motion for an award of $8,604.50 in attorney fees under 42 U.S.C. § 406(b)(1). Doc. # 26. Defendant declined to take a position with regard to the reasonableness of the requested award. Doc. # 29.

The Court finds that Plaintiff's Motion is well-taken and should be **GRANTED**.

    I.      Procedural Background

Plaintiff instituted an action in this Court in November 2010 seeking judicial review of Defendant's denial of his application for Social Security disability benefits. Doc. # 1, 14. This Court granted Plaintiff's Motion and remanded this case for further proceedings. Doc. # 21, 22. Following the remand, Plaintiff filed a Motion seeking fees to pay his attorney pursuant to Equal Access to Justice Act (EAJA) in the amount of $3,724.40. Doc. # 23. That Motion was granted on May 31, 2012. Doc. # 25.

Following this Court's remand, the Social Security Administration found Plaintiff to be disabled and entered a fully favorable decision on April 10, 2013. Doc. # 26, Exhibit

1

A.  Plaintiff was notified on May 5, 2013, that the Social Security Administration had determined that he was entitled to past-due benefits, but was withholding twenty-five percent of the those benefits, $18,604.50, in order to pay Plaintiff's attorney.  Doc. # 26, Exhibit B.  Plaintiff had entered into a contingency fee arrangement with Martone Law Firm, P.A. wherein he agreed that his attorney would receive twenty-five percent of any past due benefits received from the agency in the event of a favorable agency decision.  Doc. # 26, Exhibit C.  Martone Law Firm now seeks authorization from this Court to receive $8,604.50 to compensate for legal services.  Doc. # 26 at 1.  Martone Law Firm has documented 20.4 hours of legal work in an affidavit attached to Plaintiff's Motion.  Doc. # 26, Exhibit D.  Martone Law Firm will refund to Plaintiff the EAJA award of $3,724.40 minus the amount due for gross receipts tax and advanced costs.  Doc. # 26 at 2.

II.  Analysis

When a court renders a judgment favorable to a Social Security claimant who was represented before the court by an attorney, the court may allow "a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled."  42 U.S.C. § 406(b)(1)(A).  Unlike EAJA fees, which are paid in addition to past-due benefits, § 406(b) fees are paid out of the past-due benefits.  <u>Wrenn ex rel. Wrenn v. Astrue</u>, 525 F.3d 931, 933-34 (10 Cir. 2008).  If fees are awarded under both the EAJA and § 406(b), the attorney must refund the lesser award to the claimant.  <u>Id</u>. at 934.  The court may award fees under § 406(b) when "the court remands a….case for

further proceedings and the Commissioner ultimately determines that the claimant is entitled to an award of past-due benefits." McGraw v. Barnhart, 450 F.3d 493-496 (10th Cir. 2006).

Although § 406(b) does not prohibit contingency fee agreements, it renders them unenforceable to the extent that they provide for fees exceeding 25% of the past-due benefits. Gisbrecht v. Barnhart, 535 U.S. 798, 807 (2002). Section 406(b) also requires the court to act as "an independent check" to ensure that fees are reasonable even if they are less than 25% of the past-due benefits because there is no presumption that 25% is reasonable. Id. at 807, n. 17. Counsel has the burden of demonstrating the reasonableness of the fees. Id. at 807.

The reasonableness determination is "based on the character of the representation and the results the representative achieved." Id. at 808. Factors relevant to the reasonableness of the fee request include i) whether the attorney's representation was substandard; ii) whether the attorney was responsible for any delay in resolution of the case; and iii) whether the contingency fee is disproportionately large in comparison to the amount of time spent on the case. Id. A court may require the claimant's attorney to submit a record of the hours spent representing the claimant and a statement of the lawyer's normal hourly billing rate for non-contingency fee cases. Id. The statute does not specify a deadline for requesting fees. 42 U.S.C. § 406(b). The Tenth Circuit, however, has held that a request "should be filed within a reasonable time of the Commissioner's

decision awarding benefits." McGraw, 450 F.3d at 505.

In this case, the Court finds that Martone Law Firm's representation of Plaintiff was more than adequate and they obtained a fully favorable decision. Martone Law Firm did not delay the proceedings before this Court. The instant Motion was filed within 30 days after Plaintiff received notice that he was entitled to past-due benefits, which the Court finds reasonable. Additionally, the fee is not disproportionately large in comparison to the amount of time spent on the case, which was 20.4 hours on Plaintiff's case and awarding the requested attorney fees of $8,604.50 would result in an hourly fee of $421.78. The Court notes that this fee award is within the range of other fee awards authorized in this District under 406(b). See e.g., Marquez v. Astrue, Civ. 10-1165-CG (Doc. 30) (awarding $10,105 for 18.9 hours, or $529.00 per hour); Dimas v. Astrue, CIV 03-1157-RHS (Doc. 34) (awarding $17,000 for 38.26 hours or $444.23 per hour).

**IT IS HEREBY ORDERED** that Plaintiff's Motion for attorney fees (Doc. # 26) is **GRANTED**. Counsel is awarded $8,604.50 for legal services rendered before this Court and shall refund to Plaintiff the $3,724.40 awarded under EAJA minus the amount due for gross receipts tax and advanced costs.

_____
UNITED STATES CHIEF MAGISTRATE JUDGE